*In re* WALLS ESTATE.

1. MARRIAGE—COMMON LAW—REMOVAL OF IMPEDIMENT—INTENT.
   Parties to relationship which followed a ceremonial marriage
   while woman was under an impediment because divorce decree
   was then interlocutory but who continued to live together with
   man, now deceased, as husband and wife for period of 8 years,
   until his death in 1956, long after removal of impediment, es-
   tablished a common-law marriage, notwithstanding wife may
   not have intended to engage in a common-law marriage.

2. COSTS—BRIEF.
   No costs are allowed appellee upon affirmance of determination
   of heirs including a finding that deceased and appellee had
   been husband and wife by reason of a common-law marriage,
   where appellee filed no brief.

Appeal from Wayne; Bowles (George E.), J.
Submitted October 16, 1959. (Docket No. 95,
Calendar No. 47,754.) Decided November 25, 1959.

In the matter of the estate of Oscar Walls, de-
ceased, the determination of heirs establishing Inez
McEvens Walls as his widow was attacked by
Phyllis Hammond, daughter. Affirmed.

*Elvin H. Wanzo,* for plaintiff.

SMITH, J. A narrow question respecting common-
law marriage is here presented.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Marriage §§ 36, 157 *et seq.*
[2] 14 Am Jur, Costs § 99.

Mrs. Inez Walls married the decedent, Oscar Walls, on December 18, 1948. The judge of probate decided that she was a lawful widow and therefore would inherit the estate of the decedent.

Challenge, however, is made by the appellant, Phyllis Hammond. She is a daughter of the decedent. She points out that Mrs. Walls had obtained a divorce from her former husband on October 14, 1948, and that the decree was interlocutory for a period of 6 months. It was during this period, that the decedent and Mrs. Walls were married by a justice of the peace. They commenced living together at that time and so continued until the death of Mr. Walls in 1956, a period of some 8 years.*

Appellant asserts to us, as she did, unsuccessfully, in the circuit court, that the marriage of Mr. and Mrs. Walls, having taken place during the interlocutory period, was invalid, and hence that Mrs. Inez Walls is not a lawful heir. The circuit court found it unnecessary to rule directly upon the validity of the ceremonial marriage. It held, in accordance with the doctrine of *Ryan* v. *Randall,* 252 Mich 501, 505, that:

" 'Where parties to an agreement and relationship which, but for the existence of an impediment, would have constituted a valid marriage continue in the relationship in good faith, upon the removal of the impediment the law will establish between them a valid common-law marriage.' "

It was concluded, accordingly, that a valid common-law marriage was established.

Appellant assails the holding upon the ground that appellee admits she "never intended to be mar-

---

* It is to be noted that all of the events upon which this decision is based occurred prior to January 1, 1957, the effective date of PA 1956, No 44 (CLS 1956, § 551.2, Stat Ann 1957 Rev § 25.27), relative to the license for and solemnization of a marriage. The effect of that amendatory act is not presently before the court.

ried common-law" and that such intent is necessary to the relationship. It is clear upon the record that Mrs. Walls did, in truth, believe that her ceremonial marriage to the decedent in 1948 made them husband and wife. Thus we find the following:

"*Q.* Mrs. Walls, you considered him your husband because of this marriage decree certificate, didn't you?
"*A.* May I ask you a question?
"*Q.* Yes.
"*A.* On what other reason would I consider him my husband?"

The words "intend to be married common-law," however, do not express the final test of the relationship. These are words of legal conclusion. What the law requires, rather, was well put in *Griffin* v. *Griffin*, 225 Mich 253, 257, wherein it was held that the test of a common-law marriage is this: "Did they presently agree to take each other for husband and wife and thereafter live together in that relation?"

So tested, it is clear that there was a common-law marriage existing between decedent and Mrs. Walls at the time of his death.

Affirmed. Appellee, having submitted no brief, will not be awarded costs.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.